[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter was filed in court on July 3, 2001 and has a return date of July 17 of that same year. It is an action claiming a dissolution of marriage, custody, support and other relief. The court finds that service was properly made and that it has jurisdiction based upon the residence of the defendant in the state of Connecticut. At the time of the complaint, the plaintiff was also a resident of the state of Connecticut.
The court finds that there are three children issue of this marriage: Michael J. Preis who was born on March 24, 1983, Vincent A. Preis born March 31, 1998, and Christina M. Preis born March 25, 1999. The court further finds that the marriage of the parties has broken down irretrievably. Said marriage is hereby dissolved.
The court has considered the evidence presented at trial, as well as the statutes with respect to the issues of alimony, property division, custody, and child support.
The court makes the following findings and orders:
 Following the parties' marriage in 1991, they lived in Rocky Hill. They lived in that area for approximately the first eight years of the marriage during which time all of the minor children were born. The plaintiff, Mr. Preis worked at A-Copy for approximately ten years up until 1995 or 1996. He earned a salary of $35,000.00 annually. He subsequently worked for Cannon, Mass. Iviutual, and the National Football League. His income rose steadily with each change going from $37,000.00 at Cannon, $47,000.00 at Mass. Mutual and finally $55,000.00 per annum for his employment with the National Football League.
 In the summer of the year 2000, the parties sold a jointly owned home in Rocky Hill. The net proceeds of that sale were approximately $36,000.00. With those proceeds, the parties moved to Texas where they CT Page 13828 had planned to establish new lives and a new career for Mr. Preis. The parties were in Texas for some time in a hotel and subsequently in a rental property. Mr. Preis was unable to find employment and the parties spent the majority of the proceeds of the sale from their home in that effort. On or about July 4, of the year 2000, while in Texas, there was an incident of domestic violence where Mr. Preis choked Mrs. Preis to the point of unconsciousness. The incident arose over a dispute with respect to an air mattress and resulted in Mrs. Preis being taken to a hospital by ambulance. Shortly after that incident, the defendant and the children came home by airplane and the plaintiff followed by car.
 The parties reunited after that incident and lived in Glastonbury, Connecticut. They separated again in approximately May of 2001 and have been separated since. Mr. Preis has admitted the essential allegations of the incident of domestic violence as aforementioned. He has also admitted that there had been other incidents of domestic violence during the marriage.
 Mr. Preis testified that during the course of his marriage he was constantly harangued by his wife, being told what to do, that he didn't make enough money, and complaints of that nature. He indicates that he was under constant stress and there were many incidents where he walked away or left the house in order to avoid arguments and confrontations.
 Mrs. Preis is presently forty-two years old. At the time of the marriage she worked for a title insurance company as an office manager. She made approximately $28,000.00 a year. Subsequent to that, she had her first child and worked part-time at a grocery store. Thereafter, she opened a daycare at her home which was licensed by the State of Connecticut and in operation from 1996 to 1998. Mrs. Preis indicates that her marriage was horrible from the date of her honeymoon. She indicates that Mr. Preis was subject to fits of screaming, rage, violence and that his moods were entirely unpredictable. She describes her husband as being both physically and verbally abusive. Mrs. Preis also describes incidents where her husband behaved abusively, toward the children. As an example, she related an incident where Mr. Preis relentlessly poured water over Vincent's head, and another incident where Mr. Preis put a bandage with masking tape over the eyes of one of the children so that he would not see where he lived and not be able to communicate that information to Mrs. Preis. Those allegations are not denied by Mr. Preis. Mr. Preis did indicate to a therapist that he has had thoughts of killing his wife.
 Ms. Karen Henderson, a family relations officer indicated that she had questions about the safety of the children with Mr. Preis in an unsupervised setting. At the same time she had concerns about Mrs. Preis CT Page 13829 because her behavior was erratic, anxious and she found her unable to focus. Some of that behavior was exhibited in the context of the parties' hearing before the court. Ms. Henderson questioned whether Mrs. Preis was in a sound state of mind. Evaluations by a psychologist of both parties did not shed significant light on these issues.
 Mr. Preis has enjoyed visitation with the minor children throughout the pendency of the action. That visitation has been in varying degrees of supervision. In its last phase, Mr. Preis was to have supervised visitation for half of the time during which he had the children. Supervision was provided primarily by family members.
Orders are entered as follows:
 The parties shall share joint legal custody of the minor children. Primary residence of the minor children shall be with the defendant mother who shall have the authority to make routime day to day decisions involving the minor children. That authority is subject to the requirement that she is to consult the plaintiff husband prior to changes in schools, daycare or other educational issues. Further, she is to consult her husband prior to registering the children in any extracurricular activity which would interfere with his weekend parenting access.
 The plaintiff shall have access to the minor children every other weekend from Friday to Sunday. For such weekends as include a Monday holiday, that Monday shall be included in his weekend visitation. The plaintiff shall be responsible for picking up the children at the residence of the defendant on Friday evening at 7:30 p.m., with reasonable allowance for traffic conditions. He shall return the children on Sunday on or before 7:00 p.m.
 The plaintiff shall be allowed summer vacation access with the children from July 1st through July 15th and from August 1st through August 8th. The children shall be picked up and dropped off at 7:00 p.m. on the dates as aforementioned to start and end vacation periods. The defendant shall have a three week period of visitaticn also during the summer months. She shall notify the plaintiff by June 1st of each year as to those dates and the plaintiff's visitation shall be suspended during that time. Obviously, the defendant shall not pick the dates mentioned above which are designated as the plaintiff's vacation time.
 The plaintiff husband shall have access to the children each Christmas holiday from 1:00 p.m. on December 26th through January 1st at 2:00 p. m. The defendant shall have the children from Christmas Eve (December 24) CT Page 13830 through the 26th.
 The plaintiff shall also have Thanksgiving holiday visitation from the Friday following Thanksgiving day at 11:00 a.m. through Sunday at 3:00 p.m.
 The parties shall share the February and April vacations of the minor children. In even numbered years the defendant shall enjoy the February vacation, and the plaintiff shall enjoy the April vacation. Those vacations shall be alternated in subsequent years. The school vacation is defined as the weekdays upon which those vacations fall. The weekend visitation schedule shall not be altered for the February and April vacations.
 Each party shall enjoy Mother's Day and Father's Day weekend with the children as appropriate.
 The father shall initiate phone calls to the children between 7:00 p.m. and 7:30 p.m. each Tuesday and Thursday evening. The defendant shall have the children available to speak with their father at said times.
 The defendant is ordered to provide the plaintiff with the names, address and telephone numbers of the schools aftercare programs and daycare providers or babysitters of the minor children. Further, the defendant shall provide the plaintiff with any reports or information concerning the children from schools, including report cards, and medical providers.
 The minor child Michael is not to be transferred from his present school without the written consent of both parents, or leave of the court.
 Neither parent shall use corporal punishment to discipline the children, nor shall they allow any caretaker to use corporal punishment as a form of discipline.
 Neither parent shall drink alcoholic beverages during parenting time or twenty-four hours prior to the time they are to be with the children.
 The plaintiff shall maintain the children on his health insurance as provided by his employer unless the parties agree in writing that the defendant's coverage is more appropriate for that purpose. Unreimbursed or uninsured medical and dental expenses are to be paid 57% by the plaintiff and 43% by the defendant, in accordance with the Child Support Guidelines as submitted. The parties shall cooperate in providing copies CT Page 13831 of bills to the other with regard to unreimbursed or uninsured medical expenses, and payment shall be made as appropriate within thirty days of the receipt of said bills.
The Clifford Beers Clinic bill marked into evidence shall be paid according to the foregoing order.
 The defendant shall not relocate her primary residence any further than within ten miles from her current residence in Hamden. The plaintiff shall not relocate his primary residence any farther from Hamden, Connecticut than his current residence.
 The defendant shall secure HUSKY insurance through the State of Connecticut for the benefit of the minor children.
 The defendant is restrained from calling the plaintiff's home or the home of his parents unless an emergency involving the minor children. In addition, the defendant shall not phone the plaintiff during his parenting access. The plaintiff shall ensure that the children are allowed to call their mother during this time if the request is made by them.
 The plaintiff shall pay the sum of $1.00 per year as alimony to the defendant. Said alimony shall be limited in term to a period of five years, and shall not be modified as to its term.
 The defendant shall retain the van owned by the parties. The plaintiff shall transfer title to same within ten days of the date of the judgment.
 Each party shall retain the bank account or assets presently in their possession free of any claim of the other.
 The plaintiff shall hold the wife harmless on the debt incurred as a result of the unpaid rent to Equity Residential Properties.
 The plaintiff shall pay child support to the defendant in the amount of $115.00 per week. A deviation for the expense of transportation has been allowed.
 The parties shall notify each other immediately upon any change in their employment status, and provide relevant information as to their respective incomes. They shall also exchange tax returns on an annual basis.
 The plaintiff may claim the three minor children as dependents for CT Page 13832 purposes of his income tax returns.
BY THE COURT
Antonio C. Robaina, Judge CT Page 13833